UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| NEVADA AREA COUNCIL, BOY SCOUTS OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>RUSSELL MARGIOTTA,<br><br>  Defendant. | No. 2:09-cv-01356-MCE-DAD<br><br><br><br><br>MEMORANDUM AND ORDER |

Presently before the Court is Plaintiff's Motion for Temporary Restraining Order ("TRO") through which Plaintiff seeks an order directing Defendant to cease interference with actions of Plaintiff that are necessary to ensure the free flow of water from Benner Springs, which may include the installation of a locked gate on the spillway of Defendant's cement structure at the origin of Benner Springs in Lassen National Forest and the lowering of the spillway to a level below Plaintiff's own spring box's overflow holes. The Court heard oral arguments from the parties on Wednesday, May 20, 2009, at 10:00 a.m. As then stated, the Court will not issue Plaintiff's requested TRO, but now hereby grants alternative equitable relief.

1

Certain prerequisites must be satisfied prior to issuance of a temporary restraining order. See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers, 415 U.S. 423, 439 (1974) (stating that the purpose of a TRO is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing [on the preliminary injunction application], and no longer"). In order to warrant issuance of such relief, Plaintiffs must demonstrate either: 1) a combination of probable success on the merits and a likelihood of irreparable injury; or 2) that serious questions are raised and the balance of hardships tips sharply in favor of granting the requested injunction. Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839-40 (9th Cir. 2001); Winter v. Natural Resources Defense Council, 129 S. Ct. 365, 375 (2008) (likelihood rather than possibility of success on the merits required for issuance of preliminary injunctive relief). These two alternatives represent two points on a sliding scale, pursuant to which the required degree of irreparable harm increases or decreases in inverse correlation to the probability of success on the merits. Roe v. Anderson, 134 F.3d 1400, 1402 (9th Cir. 1998); United States v. Nutri-cology, Inc., 982 F.2d 394, 397 (9th Cir. 1992).

In this case, though Plaintiff does not directly challenge the existence or superiority of pertinent water rights, Plaintiff does seek to enjoin interference with a right purportedly bestowed upon Plaintiff by the United States Forest Service.

///

///

From the complicated record before the Court, it is clear that, despite the lack of a direct dispute regarding water rights, an evaluation of those rights, including the rights of the United States, simply cannot be avoided in the course of the instant discussion. As such, pursuant to Federal Rule of Civil Procedure 19, the Court now Orders that Plaintiff join the United States as an indispensable party. See <u>People of the State of California v. United States</u>, 235 F.2d 647, 663 (9th Cir. 1956).

Nevertheless, Plaintiff has adequately shown that, absent access to the pure groundwater furnished via Benner Springs, it will not be possible for Plaintiff to operate its Boy Scout Camp, which is scheduled to commence operations on May 30, 2009. As the Court stated on the record, Plaintiff has sufficiently shown that it risks irreparable harm should its spring box continue to be inundated with surface water. Plaintiff has also demonstrated an ultimate likelihood of success on the merits because Defendant's structure has been deemed "unauthorized" by the Forest Service and has been ordered removed. However, because the United States has important interests germane to the instant dispute, and because any order altering the status quo has the potential to impact the environment in a manner that is, as of yet, entirely unclear to the Court, the Court will not grant Plaintiff's order as requested. Thus, Plaintiff's instant Motion (Docket No. 3) is DENIED.

///
///
///
///

1    Instead, to preserve the status quo until further evaluation
2 can be had, the Court now orders that neither party shall take
3 any action, or order another to take any action, to physically
4 modify Plaintiff's spring box, Defendant's cement structure, or
5 any structure or landscaping immediately adjacent to either the
6 spring box or cement structure.  This Order shall remain in
7 effect for no longer than ten (10) days from the date this Order
8 is electronically filed.  A request to extend the duration of the
9 instant TRO or any statement of consent to such an extension must
10 be electronically filed no later than **4:00 p.m. on Thursday,**
11 **May 28, 2009.**  Additionally, by **12:00 p.m. on Wednesday, May 27,**
12 **2009,** the parties are directed to file a joint status report
13 informing the Court regarding the status of the parties' attempts
14 to informally resolve the instant dispute.  Finally, hearing on
15 Plaintiff's Motion for Preliminary Injunction is hereby scheduled
16 at **2:00 p.m. on Thursday, June 4, 2009,** in Courtroom 7 before
17 Judge Morrison C. England, Jr.
18    IT IS SO ORDERED.

Dated: May 20, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

4